THE STATE *v.* WM. E. ROBERTS.

The refusal of the District Judge to give specific instruction to the jury is not error, where it appears
from the Record that, in answer to the application for the instructions, the Judge stated that he had
substantially given them in his previous charge to the jury, and when no exceptions were taken to
that charge.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
*I. E. Morse*, Attorney General, for the State.   *G. L. Bright*, for defendant,
appellant.

SPOFFORD, J.   The present appeal was taken from a judgment condemning
the appellant to hard labor for life in the penitentiary, he having been found guil-
ty of the crime of arson.

He places his reliance for a reversal of the judgment solely upon a bill of ex-
ceptions taken to the refusal of the district judge, after he had completed his
charge to the jury, to add the following instructions as requested by the prison-
er's counsel :

" That it is essential that the circumstances should be of a conclusive nature
and tendency ;  that evidence is always indefinite and inconclusive when it raises
no more than a definite probability in favor of the fact, as compared with some de-
finite probability against it, whether the precise proposition can or cannot be as-
certained ;  that it is, on the other hand, of a conclusive nature and tendency when
the probability in favor of the hypothesis exceeds all limits of an arithmetical
or moral nature ;  that it is essential that the circumstance should, to a moral
certainty, actually exclude every hypothesis but the one proposed to be proved."

But the district judge in signing the bill, stated that he had given these ins-
tructions, substantially, in his previous charge, to which no exceptions were
taken.

There was then no necessity for repeating them, particularly in a form and
phraseology so far removed from the language of common life as the periods
quoted from Mr. Starkie's Treatise on the Law of Evidence.

The judgment is therefore affirmed with costs.